UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alexander Bell, *aka Sulyaman Al Islam Wa Salaam*, | ) C/A No. 3:11-935-CMC-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Cynthia Taylor; DSS Richland County; Yasmin Nyishama Wasalaam Turnage; Lexington, SC DSS; Ms. Singleton, Case Worker, Columbia, South Carolina, | ) |
| Defendants. | ) |

Plaintiff brings this case *pro se* seeking an order from this Court granting him custody of his children. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, however, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Such is the case here. While this Court is required to



liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*, the Court is not required to maintain a case that fails to set forth a cognizable claim.

## Discussion

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

A plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). *See also Dracos v. Hellenic Lines, Ltd.,* 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Fed. R. Civ. P. 8(a)(1) requires that a complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If a court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999).

Jurisdiction for a federal civil action is generally premised on either federal question



jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. The gravamen of the Complaint, which is in some places illegible, is that Plaintiff is challenging the custody decision of a South Carolina Family Court. Hence, the essential allegations of the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. To establish federal question jurisdiction, Plaintiff bears the burden of demonstrating that a substantial question of federal law is raised by his Complaint. A mere allegation that a federal statute has been violated is not sufficient. *Scott v. Wells Fargo Home Mortgage Inc.*, 326 F.Supp.2d 709 (E.D.Va. 2003). Thus, there is no federal jurisdiction for Plaintiff's claims.

Further, although federal courts are allowed to hear and decide state-law claims in conjunction with federal-law claims through the exercise of "supplemental jurisdiction," *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998), since Plaintiff has asserted no cognizable federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims, if any. *See Lovern*, 190 F.3d at 655 ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

A civil action for any state claims would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Plaintiff's current address appears to be in Laurinburg, North Carolina, presumably making him a North Carolina resident. However, even assuming complete diversity of parties exists

3



in this case, the domestic relations exception to the diversity statute would preclude this Court from addressing the issues in the above-captioned case. *See Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982); *Wilkins v. Rogers*, 581 F.2d 399, 403 (4th Cir. 1978)("It has long been held that the whole subject of domestic relations belongs to the laws of the state and not to the laws of the United States. . . Thus, original jurisdiction of suits primarily involving domestic relations is improper, notwithstanding that the parties are residents of different states."). *See also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)(recognizing a "domestic relations exception" that "divests the federal courts of power to issue divorce, alimony, and child custody decrees."). To the extent that the Court can read Plaintiff's handwriting, Plaintiff is seeking an order to gain child custody. A relatively legible portion reads: "Claim set forth I) now comes pro se Sulyaman Wa Salaam on this April 27th 2011 in above captioned case to file permanent custody . . ." ECF No. 1 at 3. This is a domestic relations issue, and is, therefore, not properly before this Court.

Additionally, the South Carolina family court is a court in the State of South Carolina's unified judicial system; *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989); *Spartanburg County Dept. Of Social Services v. Padgett*, 370 S.E.2d 872 (S.C. 1988); and longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts

4



because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine (*see, e.g., Ivy Club v. Edwards,* 943 F.2d 270, 284 (3rd Cir. 1991)), which applies even when a challenge to a state court decision concerns a federal constitutional issue. *See also Feldman,* 460 U.S. at 484-486; *Arther v. Supreme Court of Iowa*, 709 F.Supp. 157, 160 (S.D. Iowa 1989); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986); 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robart Wood and Wire Products v. Namaco Industries, Inc.*, 797 F.2d 176, 178 (4th Cir. 1986).

In the case at bar, Plaintiff challenges the decisions rendered in family or state court hearings. To grant Plaintiff relief, this Court would be forced to review the various rulings made by these courts and reject its disposition of those matters. As such, the *Rooker-Feldman* doctrine applies, precluding federal jurisdiction. *Brown v. Delaware*, 2008 WL 2620118 (D.Del. July 1, 2008) (*citing Turner v. Secretary of U.S. Dep't of Housing and Urban Dev.,* 449 F.3d 536, 547 (3d Cir. 2006)); *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). *See also Davani v. Virginia Dept of Transp.*, 434 F.3d 712 (4th Cir. 2006); *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("it is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986); *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969)(holding that federal district courts and United States Courts of Appeals have no appellate or



supervisory authority over state courts).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern*, 190 F.3d at 654. As Plaintiff has not presented this Court with a basis for subject matter jurisdiction, his Complaint should be dismissed.

Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 18, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Larry W. Propes, Clerk
>  United States District Court
>  Post Office Box 835
>  Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

